**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **G.M. and V.B.**

**No. 21-0827** (Tucker County 20-JA-11 and 20-JA-12)

## MEMORANDUM DECISION

Petitioner Mother A.L., by counsel Morris C. Davis, appeals the Circuit Court of Tucker County's September 14, 2021, order terminating her parental rights to G.M. and V.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her a post-dispositional improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2020, the DHHR filed a petition alleging that petitioner abused and neglected the children by virtue of her substance abuse. According to the petition, V.B.'s father obtained a protective order against petitioner on the children's behalf because of her poor decision-making when abusing drugs. The petition also alleged that petitioner was involved in prior abuse and neglect proceedings that concluded the year prior because of her substance abuse. Petitioner admitted to abusing drugs but downplayed the frequency and severity of her substance abuse. Based on the foregoing, the DHHR alleged that petitioner abused and neglected the children.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

In September of 2020, petitioner stipulated to her adjudication and admitted that her substance abuse negatively affected her ability to parent her children. As such, the court found that petitioner abused and neglected the children. The court also took petitioner's motion for a post-adjudicatory improvement period under advisement.

The following month the circuit court held a hearing on petitioner's motion, during which the DHHR opposed an improvement period for petitioner. In support, the DHHR presented testimony from a Child Protective Services ("CPS") worker concerning petitioner's prior abuse and neglect proceeding and her participation in an improvement period to resolve her substance abuse issues. Petitioner also testified in support of her motion, which the circuit court ultimately granted. The court cautioned petitioner, however, that "this is her second improvement period in two . . . years and that her failure to fully comply will result in a termination of her parental rights."

In November of 2020, the court held a hearing and accepted the multidisciplinary team's ("MDT") terms and conditions for petitioner's improvement period. The court also noted that petitioner was in a relationship with an individual "who is alleged to be a drug addict and whose family members are known to this [c]ourt as using and selling drugs." The MDT believed petitioner's girlfriend was not appropriate to be around the children and that petitioner needed to evaluate her continued relationship with the girlfriend in order to be reunified with her children.

In March of 2021, the guardian filed a motion to terminate petitioner's improvement period. According to the motion, petitioner was required to submit to a drug screening program known as "Call to Test," which required petitioner to contact this program daily, Monday through Friday. Despite this requirement, petitioner had not checked in with the program since February 16, 2021, and had not submitted to a drug screen since February 15, 2021. Additionally, two participants of the Tucker County Community Corrections program were caught trying to alter their urine screens and, upon confrontation, admitted to abusing methamphetamine with petitioner. The guardian also indicated that petitioner explained her lack of participation by providing an "excuse" from the School Based Health Center of the St. George Clinic, dated February 19, 2021, that contained a recommendation that petitioner "take a mental health break due to her current emotional status. This includes obstaining [sic] from meetings, obligations, etc. if at all possible." The guardian indicated that petitioner provided this same document to a service provider "as the reason why she needed two weeks before she could start the required parenting classes" as ordered for her improvement period. According to the guardian, by relying on this document, petitioner also missed several appointments for individual and group therapy, also required by her improvement period. Petitioner also provided as an excuse another document from the St. George Clinic stating that "she was off 'work' pending COVID-19 test results." The guardian noted that such results are typically returned within three to five days. Despite her purported quarantine, various staff members from Community Corrections observed petitioner around town. Because petitioner missed several drug screens, she also had not visited her children in over a month. According to the guardian, CPS workers attempted to contact petitioner one month prior, but she failed to respond to any communications or attend the most recent MDT meeting. The guardian also indicated that petitioner provided no information about her "emotional status" and why it was recommended she take a "mental health break," but that these issues clearly impacted her ability to comply with services and would also necessarily affect her ability to properly parent the children.

2

Also in March of 2021, the circuit court held a hearing on the guardian's motion to terminate petitioner's improvement period, during which the guardian presented testimony from the director of the Tucker County Community Corrections and a CPS worker, both of whom testified consistently with the guardian's motion. Petitioner also testified and admitted that if she submitted to a screen she would be positive for THC. Based on the evidence, the court found that petitioner was not compliant with drug screens and other services and terminated her improvement period. Following the termination of her improvement period, petitioner tested positive for benzodiazepines, buprenorphine, and THC twice—once in May and once in June of 2021.

After two continued dispositional hearings, the matter came on for a final dispositional hearing in August of 2021. During the hearing, petitioner's counsel made an oral motion for a post-dispositional improvement period. Petitioner also testified that she was enrolled in a medication-assisted substance abuse treatment program in Maryland. The DHHR also presented a witness who testified about petitioner's failure to comply with services or correct the conditions of abuse and neglect. The court, although encouraged by her enrollment in treatment, nonetheless found that this was petitioner's second abuse and neglect proceeding in three years due to substance abuse and that she failed to seek treatment until after the termination of her post-adjudicatory improvement period, which was her second improvement period across the two proceedings. According to the court, petitioner's "last-minute efforts to seek treatment" were outweighed by concern over her "involvement in and out of the abuse and neglect system since 2018 for issues surrounding her substance abuse and its negative impact on her ability to parent her children." Based on the evidence, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future due to her failure to fully comply with the terms and conditions of her improvement period. The court also found that termination of petitioner's parental rights was in the children's best interests and necessary for them to achieve stability.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the

---

[2]According to respondents, the permanency plan for V.B. is placement in the nonabusing father's custody, while the permanency plan for G.M. is adoption by V.B.'s father. The concurrent permanency plan for the children is adoption by relatives.

evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in failing to place her on a post-dispositional improvement period. Despite acknowledging that West Virginia Code § 49-4-610(3)(A) requires a parent to file a written motion for a post-dispositional improvement period, petitioner fails to cite to any portion of the record where she filed such a motion. Our review reveals that petitioner made an oral motion for an improvement period at the dispositional hearing, meaning that she cannot be entitled to relief on appeal. As this Court recently held, "[a] circuit court may not grant a[n] . . . improvement period under W. Va. Code § 49-4-610 . . . unless the respondent to the abuse and neglect petition files a written motion requesting the improvement period." Syl. Pt. 5, *State ex rel. P.G.-1 v. Wilson*, -- W. Va. --, -- S.E.2d --, 2021 WL 5355634 (2021). As petitioner has failed to cite to the record to show that she moved, in writing, for a post-dispositional improvement period, in violation of Rule 10(c)(7) of the Rules of Appellate Procedure, she cannot be entitled to relief in this regard.

Finally, petitioner argues that it was error to terminate her parental rights because "[o]utright termination . . . is the least favored disposition." Petitioner again correctly points to the appropriate standard at issue, noting that a "court cannot terminate the parental rights of a [parent] . . . unless the court makes a find[ing] that there is no reasonable likelihood that the conditions leading to the abuse and neglect can be substantially corrected in the near future." The circuit court made this exact finding. While petitioner argues that the record shows that she was taking actions to correct her substance abuse, we find that the circuit court's determination that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect was supported by substantial evidence.

As set forth above, the court noted petitioner's minimal, late attempt to address her substance abuse but found that it was outweighed by the fact that she had been participating, off and on, in abuse and neglect proceedings for several years to address this issue with no success. The court also highlighted petitioner's failure to comply with services throughout the majority of the instant case as supportive of this finding. We agree. According to West Virginia Code § 49-4-604(d)(3), a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." As the court found, petitioner received services to address her substance abuse during two proceedings over several years, yet the conditions persisted. As such, the evidence overwhelmingly supported this finding.

Finally, we have explained as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive

4

alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 14, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: May 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn